UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SPECIALTY SURPLUS INSURANCE
COMPANY, Individually and as Assignee of
the City of Tacoma,

                Plaintiff,

     v.

LEXINGTON INSURANCE COMPANY
and GULF UNDERWRITERS
INSURANCE, INC.,

                Defendants.

CASE NO. C06-5246RJB

ORDER DENYING MOTION
FOR RECONSIDERATION

This matter comes before the Court on Defendants Lexington Insurance Company's and Gulf Underwriters Insurance Company's Motion for Reconsideration (Dkt. 73). The Court has considered the motion and the remainder of the file herein.

## **I. BACKGROUND**

This action arises out of a lawsuit brought against the City of Tacoma ("the City") and involving the April 26, 2003, shooting death of Crystal Brame by her husband, David Brame, who was the Chief of Police for the City of Tacoma. Dkt. 31 at 1. The Brames' children, Ms. Brame's estate, and Ms. Brame's parents ("the underlying plaintiffs") filed suit against the City, seeking damages resulting from injuries Ms. Brame incurred, including her death. Dkt. 23-2, Exh. 1 at 2.

The City tendered the claim to four insurers, three of which are involved in this litigation: Specialty Surplus Insurance Company ("Specialty"), Gulf Underwriters Insurance Company

ORDER
Page 1

1  ("Gulf"), and Lexington Insurance Company ("Lexington"). Dkt. 23 at 1. Lexington and Gulf

2  denied coverage. Dkt. 34-10, Exh. 9 at 1; Dkt. 34-11, Exh. 10 at 1. Specialty and the fourth

3  insurance company defended the City in the litigation.

4      The City ultimately settled that litigation for $12 million, $6 million of which was funded

5  by Specialty and $1 million of which was funded by the City. Dkt. 33 at 1. Pursuant to the

6  Settlement Agreement, the City of Tacoma assigned any and all rights it had against Lexington

7  and Gulf to Specialty. Dkt. 34-2, Exh. 1 (Settlement Agreement) at 1.

8      On May 24, 2007, Lexington moved for summary judgment (Dkt. 22). Gulf joined that

9  motion, offering additional argument (Dkt. 24) and evidence (Dkt. 25). Specialty filed cross

10  motions against Lexington and Gulf. Dkt. 35; Dkt. 53.

11      On August 17, 2007, the Court ruled on the pending motions. Dkt. 68. Lexington and

12  Gulf seek reconsideration of the portion of the order denying in part Defendant Lexington

13  Insurance Company's Motion for Summary Judgment. *See* Dkt. 68 at 12, 17-21.

## II. DISCUSSION

15      Motions for reconsideration are governed by Local Rule CR 7(h), which provides as

16  follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1). The defendants contend that the Court erred by not concluding that

application of the relevant statute of limitations to the underlying plaintiffs' claims required

summary judgment in favor of the defendants. Dkt. 73 at 2.

    The defendants did not move for summary judgment on the grounds that the statute of

limitations precluded the underlying plaintiffs' claims. *See* Dkt. 22 (Lexington's motion); Dkt. 24

(Gulf's joinder). This argument appeared for the first time in the defendants' replies:

> Nor could the *Brame* plaintiffs have legally sought damages for Brame's alleged abuse of Ms. Brame during a Lexington policy period, for any such claims would have been barred by the three-year Statute of Limitations for personal injury. RCW 4.16.080(2). The only damages they could have sought at the time they filed their Claims and Complaint in 2003 would have been damages that took place in 2000 or later.

ORDER
Page 2

Dkt. 43 at 2-3 (Lexington).

> Finally, even if Specialty had set forth specific facts of a loss or personal injury during the Gulf policy periods (which it has not) and even if the *Brames'* claim had sought damages for such loss or personal injury (which it did not), that portion of the *Brames'* claim would have been cut off by the three year statute of limitations, *see* RCW 4.16.080(2), because the initial *Brame* action was filed on 10/8/2003 (Plt. Ex. 5), more than three years after the last of the Gulf policies expired on 8/12/2000.

Dkt. 46 at 5 (Gulf). In light of the factual issues in this case, the Court cannot yet determine whether the statute of limitations was subject to tolling or what portion, if any, of the settlement represents damages that the City of Tacoma was legally obligated to pay as a result of acts occurring within the defendants' policy limits. The Court's rulings on these issues do not constitute manifest error and do not warrant reconsideration.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants Lexington Insurance Company's and Gulf Underwriters Insurance Company's Motion for Reconsideration (Dkt. 73) is **DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 29th day of August, 2007.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge

ORDER
Page 3